# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No.  6:04-cr-126-Orl-19DAB**

**THOMAS SPRINGER**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PETITION FOR ORDER DIRECTING ATTORNEY OF RECORD TO SURRENDER DEFENSE FILE (Doc. No. 160)** |
| **FILED:** | **November 17, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

This *pro se* motion, filed post-conviction and post-appeal, seeks an Order directing

Defendant's retained counsel to turn over counsel's file with respect to the defense of this case.  The

motion is **denied** for lack of jurisdiction.

As the Eleventh Circuit has noted:

Federal courts are courts of limited jurisdiction. *Keene Corp. v. United States*, 508
U.S. 200, 207, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993); *Delaware v. Van
Arsdall*, 475 U.S. 673, 692, 106 S.Ct. 1431, 1442, 89 L.Ed.2d 674 (1986); *Taylor v.
Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994). As the Supreme Court has reminded
us, "the Court early in its history wisely adopted a presumption that every federal court
is without jurisdiction unless the contrary affirmatively appears from the record." *Van
Arsdall*, 475 U.S. at 692, 106 S.Ct. at 1442 (internal citations and marks omitted);
accord *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 10, 1 L.Ed. 718 (1799) (explaining
that, because a federal court is a court of limited jurisdiction, "the fair presumption is

··· that a cause is without its jurisdiction, until the contrary appears."); *Fitzgerald v. Seaboard Sys. R.R., Inc*., 760 F.2d 1249, 1251 (11th Cir.1985) ("[S]ince the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.") (internal marks omitted).

*United States v. Rojas,* 429 F.3d 1317, 1320 (11th Cir. 2005) (holding no jurisdiction over contractual dispute between surety and bond obligor).

　　While this Court has jurisdiction over the criminal case, the case has long since concluded, there is no pending habeas petition and the instant motion sets forth no other basis for the Court to assume jurisdiction over the contractual dispute between Defendant and his retained attorney.[1] *See Sullens v. Carroll,* 308 F.Supp. 311 (D.C. Fla. 1970) (no jurisdiction over what was essentially a malpractice action brought by a criminal defendant against his court appointed lawyer); *Williams v. Dickinson*, 1997 WL 208408 (N.D. Ill. 1997) (noting that legal malpractice claim against attorney who represented plaintiff in federal criminal prosecution could not be brought under 42 U.S.C. § 1983, and was "cognizable only by a state court and not by this federal court"); *Chaverra-Cardona v. Schultz*, 1989 WL 15930 (N.D .Ill. 1989) (dismissing legal malpractice claim against attorney who represented plaintiff in federal criminal prosecution for lack of subject matter jurisdiction, noting, among other findings, that the Code of Professional Conduct was not federal law, and plaintiff could not allege constitutional violation against private attorney).

　　As subject matter jurisdiction has not been shown, the motion is **denied.**

---

[1]The Court notes that the nature of the dispute over ownership of the defense file is a matter of state law, and Florida law recognizes that, under certain circumstances, an attorney has a possessory interest in a client's papers and files. *See, for example, Foreman v. Behr,* 866 So. 2d 705 (Fla. 2d DCA 2003). Also it is unclear whether the papers sought are those of the Defendant or merely papers created by counsel in the course of the representation. As this Court is without jurisdiction over this matter, it makes no finding with respect to the merits of the Petition.

**DONE** and **ORDERED** in Orlando, Florida on this 27th day of November, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant