UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 6:04-cr-126-Orl-19DAB

THOMAS EDWARD SPRINGER,

    Defendant.
_____

## ORDER

This case is before the Court on the following motion:

**MOTION**:    Defendant's Motion to Toll One-Year Limitation to File Motion Under 28 U.S.C. § 2255 (Doc. No. 166, filed February 27, 2007).

Defendant contends that his trial counsel has refused to give him his case file. Because he has not been able to obtain the case file, Defendant seeks an extension of the one-year period of limitation set forth in § 2255. Defendant also asserts that he is not guilty of the crimes of which he was convicted and states that he is in the process of obtaining evidence to prove that he is the victim of a conspiracy between his ex-wife and her brother to frame him.

In support of his request for tolling of the one-year period, Defendant asserts that equitable tolling applies for the period that he has been unable to obtain his case file. He seeks equitable tolling "from September 3, 2006, until the date this Court receives notice [that trial counsel] has tendered Mr. Springer's case file to Mr. Springer." (Doc. No. 166 at

5.) In the alternative, Petitioner requests permission to file a skeletal § 2255 motion on or before the one-year period with the ability to freely amend such motion with 60 days of receiving the case file.

This Court lacks jurisdiction to consider the timeliness of a § 2255 motion until the motion is actually filed. *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005); *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000); *United States v. Backhoff*, Nos. 3:05cr24/LAC, 3:06cv248/LAC/MD, 2006 WL 2382176, at *1 (N.D. Fla. August 17, 2006). Because no case or controversy exists until a § 2255 proceeding is filed, any opinion regarding timeliness would be merely advisory.[1] *McFarland*, 125 Fed. Appx. at 574; *Leon*, 203 F.3d at 163.

Furthermore, Defendant's motion for extension of time does not allege any cognizable claim for relief under § 2255; therefore, it cannot be recharacterized as a substantive § 2255 motion. The motion merely outlines Defendant's dissatisfaction with his efforts to obtain his case file from defense counsel and alleges Defendant's belief that he has been framed. As noted by the United States Supreme Court, "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation" in the underlying

---

[1] The Court notes, however, that § 2255 sets forth a one-year period of limitation for filing a motion to vacate, set aside, or correct a sentence. As stated by the Eleventh Circuit Court of Appeals, "a 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires." *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002).

conviction. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (construing 28 U.S.C. § 2254). Thus, this Court finds that it would be inappropriate to construe the motion for extension of time as a § 2255 motion. *See Green*, 260 F.3d at 84 (holding that "because Green had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion").

Finally, because Defendant has not filed a § 2255 motion or asserted any cognizable grounds for relief, his request to freely amend such a motion is also premature. Therefore, his request must be denied.

Thereon it is **ORDERED** that Defendant's Motion to Toll One-Year Limitation to File Motion Under 28 U.S.C. § 2255 (Doc. No. 166, filed February 27, 2007) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this __2d__ day of March, 2007.

*[signature]*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 3/2
Thomas Edward Springer
Counsel of Record